**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**COLLEEN GREINER,**

**Plaintiff,**

**v.** **Case No.**

**SPACELABS HEALTHCARE, LLC**
**and OSI SYSTEMS, INC.,**

**Defendant.**
______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Colleen Greiner ("Plaintiff"), by and through undersigned counsel, herby sues Spacelabs Healthcare, LLC ("Defendant Spacelabs") and OSI Systems, Inc. ("Defendant OSI") (collectively "Defendants") and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendants' violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and the ADEA.

3. This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5. Plaintiff is a resident of Sumter County, Florida.

6. Plaintiff worked for Defendants in Lake County, Florida.

7. Defendant Spacelabs is a limited liability company organized under the laws of Washington, with its principal place of business located in the state of Washington.

8. Defendant OSI is a Foreign Profit Corporation organized under the laws of Delaware, with its principal place of business located in the state of California.

9. Defendant Spacelabs and Defendant OSI have common directors and officers.

10. Defendant Spacelabs and Defendant OSI share a human resources department.

11. Defendant Spacelabs and Defendant OSI share office space.

12. Defendant Spacelabs and Defendant OSI share payroll services.

13. Defendant Spacelabs and Defendant OSI share responsibility over the hiring and firing of other's employees.

14. Defendant Spacelabs is a wholly owned subsidiary of Defendant OSI.

15. Defendant Spacelabs and Defendant OSI are an integrated enterprise.

16. At all times during Plaintiff's employment with Defendant Spacelabs, Plaintiff was considered an "employee" within the meaning of the FCRA, Title VII and the ADEA.

17. At all times during Plaintiff's employment with Defendant OSI, Plaintiff was considered an "employee" within the meaning of the FCRA, Title VII and the ADEA.

18. At all times during Plaintiff's employment with Defendant Spacelabs, Defendant Spacelabs was considered an "employer" within the meaning of the FCRA, Title VII and the ADEA.

19. At all times during Plaintiff's employment with Defendant OSI, Defendant OSI was considered an "employer" within the meaning of the FCRA, Title VII and the ADEA.

20. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents and/or employees

of the Defendants and were at all times acting within the scope and course of their agency and/or employment, and/or the actions were expressly authorized by the Defendants and/or their actions were ratified by the Defendants, thus making the Defendants liable for said actions.

## PROEDURAL REQUIREMENTS

21. Plaintiff timely dual-filed a charge of discrimination against the Defendants with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

22. On July 27, 2026, the EEOC issued a Determination and Notice of Rights letter for Defendant Spacelabs.

23. On July 27, 2026, the EEOC issued a Determination and Notice of Rights letter for Defendant OSI.

24. This complaint was filed within ninety (90) days of receipt of the letters.

## STATEMENT OF FACTS

25. Plaintiff is female.

26. Plaintiff began her employment with the Defendants on or about February 1, 2023.

27. Over the next two years, Plaintiff proved to be a valuable employee, who achieved high levels of performance and contributions.

28. Unfortunately for Plaintiff, though, her supervisor Adam Martin ("Mr. Martin"), male and substantially younger than Plaintiff, exhibited animus towards Plaintiff for being a being a strong, vocal, older woman by frequently rolling his eyes, sighing, displaying disinterest, and showing irritation when Plaintiff gave information and provided input during meetings.

29. Similarly situated male and younger co-workers of Plaintiff were not subjected to Mr. Martin's eye rolling, sighing, displaying disinterest, and irritation during meetings.

30. The discriminatory treatment came to a head, in or around April 2025, when Mr. Martin placed Plaintiff on an unsubstantiated and false performance improvement plan ("PIP").

31. Shortly thereafter, on or around April 14, 2025, Plaintiff contacted Kerry Stevenson ("Ms. Stevenson"), Human Resources Manager for Defendant Spacelabs, to dispute the PIP and to file complaints of discrimination against Mr. Martin.

32. Specifically, Plaintiff stated that she had been discriminated against, harassed, demeaned, ignored, and treated with disdain by Mr. Martin because Plaintiff was the oldest person on Mr. Martin's team and because she is a woman.

33. No investigation took place, nor did Defendant Spacelabs take any corrective action.

34. With no help from Ms. Stevenson, Plaintiff next contacted Scott Iserman, Vice President of Sales for Defendant Spacelabs, on or around May 16, 2025, to again voice her complaints about the discriminatory treatment that she had been receiving from Mr. Martin, but she received no response.

35. Plaintiff then contacted Glenn Grindstaff ("Mr. Grindstaff"), Chief Human Resource Officer for Defendant OSI, on or around June 1, 2025, to again voice her complaints regarding Mr. Martin's discriminatory behavior towards Plaintiff but she only received a cursory "I'll look into it" response from Mr. Grindstaff.

36. No corrective action was taken.

37. Plaintiff again contacted Mr. Grindstaff, on or around June 7, 2025, wherein Plaintiff relayed that Mr. Martin had made discriminatory comments by stating that because he (Mr. Martin) is a white male, that he could drive business, while it would be difficult for a black male to do so.

38. Mr. Grindstaff again briefly responded with a perfunctory "I will be in touch with you shortly" email.

39. No investigation took place, nor did Defendant Spacelabs nor Defendant OSI take any corrective action.

40. On or around June 17, 2025, Plaintiff, along with many other employees, met with the new President of Defendant Spacelabs, Wilson Constantine ("Mr. Constantine").

41. During this meeting, Plaintiff made complaints to Mr. Constantine regarding Mr. Martin's continued discrimination and harassment in the workplace.

42. After the initial meeting, Mr. Constantine kept pushing back and avoiding any follow up meetings with Plaintiff, until July 1, 2025, when Plaintiff was terminated by Mr. Martin.

43. Plaintiff has satisfied all conditions precedent, or they have been waived.

44. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination because of sex in violation of the FCRA as to Defendant Spacelabs

45. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

46. Defendant Spacelabs discriminated against Plaintiff because of her sex.

47. Defendant Spacelabs treated Plaintiff disparately as compared to the similarly situated male employees of Defendant Spacelabs with regard to Plaintiff's discipline and by unlawfully terminating Plaintiff.

48. As a direct and proximate cause of Defendant Spacelabs' intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in violation of the FCRA as to Defendant Spacelabs

49. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

50. Plaintiff engaged in protected activity by opposing Defendant Spacelabs' unlawful sex discrimination and by filing numerous complaints with Defendant Spacelabs.

51. Defendant Spacelabs then took an adverse employment action by terminating Plaintiff's employment.

52. Defendant Spacelabs took the adverse employment action because of Plaintiff's protected activity.

53. As a direct and proximate cause of Defendant Spacelabs' unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count III – Discrimination because of sex in violation of Title VII as to Defendant Spacelabs**

54. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

55. Defendant Spacelabs discriminated against Plaintiff because of her sex.

56. Defendant Spacelabs treated Plaintiff disparately as compared to the similarly situated male employees of Defendant Spacelabs with regard to Plaintiff's discipline and by unlawfully terminating Plaintiff.

57. As a direct and proximate cause of Defendant Spacelabs' intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count IV – Retaliation in violation of Title VII at to Defendant Spacelabs**

58. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

59. Plaintiff engaged in protected activity by opposing Defendant Spacelabs' unlawful sex discrimination and by filing numerous complaints with Defendant Spacelabs.

60. Defendant Spacelabs then took an adverse employment action by terminating Plaintiff's employment.

61. Defendant Spacelabs took the adverse employment action because of Plaintiff's protected activity.

62. As a direct and proximate cause of Defendant Spacelabs' unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count V – Discrimination because of age in violation of the FCRA as to Defendant Spacelabs**

63. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

64. Plaintiff was fifty-nine years old at the time of her unlawful termination.

65. Defendant Spacelabs terminated Plaintiff because of her age.

66. Upon information and belief, Plaintiff's position was replaced by a substantially younger employee.

67. As a direct and proximate cause of Defendant Spacelabs' intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count VI – Retaliation in violation of the FCRA as to Defendant Spacelabs**

68. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

69. Plaintiff engaged in protected activity by opposing Defendant Spacelabs' unlawful age discrimination and by filing numerous complaints with Defendant Spacelabs.

70. Defendant Spacelabs then took an adverse employment action by terminating Plaintiff's employment.

71. Defendant Spacelabs took the adverse employment action because of Plaintiff's protected activity.

72. As a direct and proximate cause of Defendant Spacelabs' unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count VII – Discrimination because of age in violation of the ADEA as to Defendant Spacelabs**

73. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

74. Plaintiff was fifty-nine years old at the time of her unlawful termination.

75. Defendant Spacelabs terminated Plaintiff because of her age.

76. Upon information and belief, Plaintiff's position was replaced by a substantially younger employee.

77. As a direct and proximate cause of Defendant Spacelabs' intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count VIII – Retaliation in violation of the ADEA as to Defendant Spacelabs**

78. Allegations contained in paragraphs 1-7; 9-16; 18; 20-22; 24-44 are reallaged and incorporated herein.

79. Plaintiff engaged in protected activity by opposing Defendant Spacelabs' unlawful age discrimination and by filing numerous complaints with Defendant Spacelabs.

80. Defendant Spacelabs then took an adverse employment action by terminating Plaintiff's employment.

81. Defendant Spacelabs took the adverse employment action because of Plaintiff's protected activity.

82. As a direct and proximate cause of Defendant Spacelabs' unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count IX – Discrimination because of sex in violation of the FCRA as to Defendant OSI**

83. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

84. Defendant OSI discriminated against Plaintiff because of her sex.

85. Defendant OSI treated Plaintiff disparately as compared to the similarly situated male employees of Defendant OSI with regard to Plaintiff's discipline and by unlawfully terminating Plaintiff.

86. As a direct and proximate cause of Defendant OSI's intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count X – Retaliation in violation of the FCRA as to Defendant OSI**

87. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

88. Plaintiff engaged in protected activity by opposing Defendant OSI's unlawful sex discrimination and by filing numerous complaints with Defendant OSI.

89. Defendant OSI then took an adverse employment action by terminating Plaintiff's employment.

90. Defendant OSI took the adverse employment action because of Plaintiff's protected activity.

91. As a direct and proximate cause of Defendant OSI unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count XI – Discrimination because of sex in violation of Title VII as to Defendant OSI**

92. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

93. Defendant OSI discriminated against Plaintiff because of her sex.

94. Defendant OSI treated Plaintiff disparately as compared to the similarly situated male employees of Defendant OSI with regard to Plaintiff's discipline and by unlawfully terminating Plaintiff.

95. As a direct and proximate cause of Defendant OSI's intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count XII – Retaliation in violation of Title VII at to Defendant OSI**

96. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

97. Plaintiff engaged in protected activity by opposing Defendant OSI's unlawful sex discrimination and by filing numerous complaints with Defendant OSI.

98. Defendant OSI then took an adverse employment action by terminating Plaintiff's employment.

99. Defendant OSI took the adverse employment action because of Plaintiff's protected activity.

100. As a direct and proximate cause of Defendant OSI's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count XIII – Discrimination because of age in violation of the FCRA as to Defendant OSI**

101. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

102. Plaintiff was fifty-nine years old at the time of her unlawful termination.

103. Defendant OSI terminated Plaintiff because of her age.

104. Upon information and belief, Plaintiff's position was replaced by a substantially younger employee.

105. As a direct and proximate cause of Defendant OSI's intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count XIV– Retaliation in violation of the FCRA as to Defendant OSI**

106. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

107. Plaintiff engaged in protected activity by opposing Defendant OSI's unlawful age discrimination and by filing numerous complaints with Defendant OSI.

108. Defendant OSI then took an adverse employment action by terminating Plaintiff's employment.

109. Defendant OSI took the adverse employment action because of Plaintiff's protected activity.

110. As a direct and proximate cause of Defendant OSI's unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

**Count XV – Discrimination because of age in violation of the ADEA as to Defendant OSI**

111. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

112. Plaintiff was fifty-nine years old at the time of her unlawful termination.

113. Defendant OSI terminated Plaintiff because of her age.

114. Upon information and belief, Plaintiff's position was replaced by a substantially younger employee.

115. As a direct and proximate cause of Defendant OSI's intentional unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

**Count XVI– Retaliation in violation of the ADEA as to Defendant OSI**

116. Allegations contained in paragraphs 1-6; 8-15; 17; 19-21; 23-44 are reallaged and incorporated herein.

117. Plaintiff engaged in protected activity by opposing Defendant OSI's unlawful age discrimination and by filing numerous complaints with Defendant OSI.

118. Defendant OSI then took an adverse employment action by terminating Plaintiff's employment.

119. Defendant OSI took the adverse employment action because of Plaintiff's protected activity.

120. As a direct and proximate cause of Defendant OSI unlawful retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendants in the amount of Plaintiff's back wages and back benefits, commissions, bonuses, front-pay and front benefits, compensatory damages, including emotional distress damages, liquidated damages, punitive damages, declaratory relief, injunctive relief and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this _____ day of August 2026 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Lead Counsel for Plaintiff*