UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COLLEEN GREINER,

Plaintiff,

v. Case No.: 5:26-cv-00611-JSM-PRL

SPACELABS HEALTHCARE, LLC
and OSI SYSTEMS, INC.,

Defendants.
_________________________________/

**OSI SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT**

Defendant OSI Systems, Inc. (hereafter "Defendant OSI"), by and through its undersigned counsel, moves to dismiss the Complaint of Plaintiff Colleen Greiner (hereinafter "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims against Defendant OSI should be dismissed because Defendant OSI was not Plaintiff's employer, and Plaintiff has failed to plead ultimate facts to establish that Defendant OSI and Defendant Spacelabs Healthcare, L.L.C. ("Spacelabs") were an integrated enterprise.

**FACTUAL BACKGROUND**

Plaintiff has filed a 16 count complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Florida Civil Rights Act. (DE 1). Plaintiff has brought identical counts

against two separate companies – Defendant OSI and Defendant Spacelabs. Defendant OSI is a corporation organized under the laws of Delaware with its principal place of business in California. (DE 1, ¶8). Defendant Spacelabs is a limited liability company with its principal place of business in Washington. (DE 1, ¶7).

Plaintiff alleges she worked for Defendant Spacelabs in Lake County, Florida. (DE 1, ¶6; Exhibit A[1]). According to the state of Florida Division of Corporations, Defendant OSI is not registered to conduct business in the state of Florida. (https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=OSISYSTEMS%20F960000023661&aggregateId=forp-f96000002366-430b1d87-28f7-496f-9d7e-c87184d9f3f5&searchTerm=osi%20systems&listNameOrder=OSISYSTEMS%20F960000023661)[2]. Plaintiff alleges her supervisor Mr. Martin, a Spacelabs employee, discriminated against her. (DE 1, ¶28-30). Plaintiff alleges that she contacted the Human Resources Manager for Defendant Spacelabs to complain

[1] Exhibit A is an email Plaintiff specifically references in paragraph 35 of the Complaint. In this email, Plaintiff says "I joined Spacelabs as part of [an] acquisition." Because this email was specifically referenced in the Complaint and therefore is central to Plaintiff's claims, and it is undisputed, the Court can consider the email on a Motion to Dismiss. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

[2] While this fact is not plead in the Complaint, it is accessible information from the Florida Division of Corporation's website. Court can take judicial notice of public records and may consider them on a motion to dismiss. *Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006).

about the discrimination. (DE 1, ¶31). Plaintiff alleges that she then contacted the Vice President of Sales for Defendant Spacelabs to further complain. (DE 1, ¶34). Unsatisfied with the results of her complaints to Spacelabs, Plaintiff alleges she contacted the Chief Human Resources Officer for Defendant OSI, who gave only a cursory response and never followed up with Plaintiff. (DE 1, ¶35-39; Exhibit A). Plaintiff then complained to the new President of Spacelabs. (DE 1, ¶40-41). Plaintiff's employment was terminated by Mr. Martin, her aforementioned supervisor at Spacelabs. (DE 1, ¶42).

**MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." In deciding whether a claim for relief is sufficiently plead, the Court must construe the allegations in the complaint in the light most favorable to the plaintiff. However, conclusory allegations and unwarranted deductions of fact are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A court "need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Hood v. Perdue*, 540 F.Supp.2d 1350, 1356 (N.D. Ga. 2008).

Dismissal must be granted if the complaint does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Arl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Thus, if a claim asserted in the complaint fails to specify sufficient factual allegations to support such a claim or is legally deficient, it should be dismissed.

In this Complaint, Plaintiff purports to hold Defendant OSI liable for alleged actions taken by his former employer, Defendant Spacelabs. Plaintiff makes no specific allegations directed at Defendant OSI and instead makes conclusory allegations that are directly contradicted by the facts plead in the Complaint. Thus, the Court should dismiss the Complaint as it pertains to Defendant OSI for failure to state a claim.

Under Eleventh Circuit precedent, there are three situations in which more than one entity may be considered a particular person's employer: (1) the single employer or "integrated enterprise" test; (2) the joint employer test; and (3) the agency test. *Peppers v. Cobb Cnty., Georgia*, 835 F.3d 1289 (11th Cir. 2016). In this case, Plaintiff is attempting to proceed under the integrated enterprise test. (DE 1, ¶15). For two corporate entities to be consolidated and treated as a single employer under the integrated enterprise test, the two entities must be "highly integrated with respect

to ownership and operations." *McKenzie v. Davenport-Harris Funeral* Home, 834 F.2d 930, 933 (11th Cir. 1987) *citing Fike v. Gold Kist, Inc.*, 514 F.Supp. 722, 726 (N.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir. 1981). In making this determination, the court is to consider the following factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *McKenzie*, 834 F.2d at 933. While all four factors are considered, the primary focus is on whether there is centralized control of labor relations. *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998). Put another way, the analysis is "concentrate[d] on the degree of control an entity has over the adverse employment decision on which the … suit is based." *Id.*; *see also Manigault-Speaks v. Azar*, 2021 WL 4820701, at *3 (N.D. Ga., May 12, 2021)(holding that "the basic question that courts should ask in deciding whether an entity is an employer is: who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim."); *Walker v. Banks, Finley, White & Co. of Ga., P.C.*, 2020 WL 10181661, at *1 (N.D. Ga. Aug. 20, 2020)(noting that the "four factors have been distilled into the question of what entity made the final employment decisions over plaintiff.").

**A. Plaintiff's conclusory assertions contradicted by the specific facts plead in the Complaint should not be considered by the Court.**

Plaintiff did not allege that Defendant OSI had control over her employment or her termination. Instead, Plaintiff made conclusory assertions essentially reciting the elements of the claim. However, the conclusory assertions recited by Plaintiff need not be credited by the Court because those conclusory assertions are directly contradicted by the actual facts Plaintiff plead and facts about which this Court can take judicial notice. Specifically, Plaintiff alleges the following perfunctory "facts":

- Defendants have common directors and officers
- Defendants share a human resources department
- Defendants share office space
- Defendants share payroll services
- Defendants share responsibility over the hiring and firing of other's employees
- Defendant Spacelabs is a wholly owned subsidiary of Defendant OSI

(DE 1, ¶9-14). Plaintiff did not identify any actual facts to support these conclusory assertions. More importantly, a careful review of the actual facts alleged in the Complaint undermine Plaintiff's conclusory assertions.

Plaintiff concludes that the two companies "share a human resources department." However, Plaintiff specifically alleges that she "contacted Kerry Stevenson ("Ms. Stevenson"), ***Human Resources Manager for Defendant Spacelabs***, to dispute the PIP and to file complaints of discrimination against Mr. Martin." (DE 1, ¶31)(emphasis added). Plaintiff further alleges that after contacting other management personnel at Defendant Spacelabs, she emailed the "***Chief Human Resources Officer for Defendant OSI***" who only gave a cursory response. (DE 1, ¶35)(emphasis added). As Plaintiff's own facts make clear, each company had its own human resources department.

Plaintiff concludes that the two companies "share office space." However, Plaintiff specifically alleges that Defendant Spacelabs' principal place of business is in Washington, and Defendant OSI's principal place of business is in California. (DE 1, ¶7-8). Plaintiff alleges that she performed her work in Florida, (DE 1, ¶6), but Defendant OSI is not registered to do business in the state of Florida. Plaintiff's own facts undermine her conclusion that the companies shared office space.

Plaintiff concludes that the two companies "share responsibility over the hiring and firing of other's employees." However, Plaintiff specifically alleges that she was terminated by Mr. Martin, who was her supervisor. (DE 1, ¶42). Plaintiff's

own specific facts undermine her conclusion that Defendant OSI was involved in hiring or firing Defendant Spacelabs' employees and more specifically Plaintiff.

The aforementioned conclusory statements by Plaintiff should not be accepted by the Court as true for purposes of deciding this Motion. The "court need not accept as true 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.'" *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F.Supp.3d 1258, 1268 (M.D. Ala. 2019) *citing Oxford Asset Mgmt., Ltd., v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Conclusory statements are those that "express 'a factual inference without stating the underlying facts on which the inference is based.'" *Coral Ridge*, 406 F.Supp.3d at 1271 *citing Black Law Dictionary (11th ed. 2019)*. This is especially true when the plaintiff's conclusory assertions are "contradicted by more specific alleged facts that [the plaintiff] pleads, cites in its briefing, and asserts to the subject to judicial notice." *Id.* As explained by the Eleventh Circuit, the court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (111th Cir. 2007). Accordingly, Plaintiff's facts in paragraphs 10, 11 and 13 should not be considered by the Court.

**B. Plaintiff fails to allege sufficient facts to establish an integrated enterprise.**

Plaintiff's remaining allegations do not establish that Defendant OSI had any involvement in or control over her employment, or that Defendant OSI and Defendant Spacelabs had centralized control over labor relations. While Plaintiff alleges that Defendant OSI is the parent company of Defendant Spacelabs, there are common officers and that the entities share payroll services, these assertions are insufficient to establish an integrated enterprise.

Examining the four factors used to assess integrated enterprises, Plaintiff did not plead any facts sufficient to support three of these factors. The only fact Plaintiff alleges regarding "interrelation of operations" is that the companies share payroll services. The Eleventh Circuit has explicitly noted that sharing payroll functions, by itself, is not sufficient to establish an integrated enterprise. *Peppers*, 835 F.3d at 1300. Shared payroll services is but one item in a broader list of operational functions that must be considered including whether there are combined accounting records, combined bank accounts, combined lines of credit, combined switchboards, combined telephone numbers, and combined offices. *Gray v. Koch Foods, Inc.*, 580 F.Supp.3d 1087, 1121 (M.D. Ala. 2022). Plaintiff's single assertion that Defendants shared payroll services is insufficient to establish this factor.

The only facts Plaintiff alleges regarding "centralized control of labor relations" are conclusory and contradicted by the factual assertions in the Complaint. The

control required is not potential control, but "actual and active control of day-to-day practices." *Id.* More particularly, it is control over the adverse employment decision upon which the suit is based. *Id. citing Llampallas*, 163 F.3d at 1244-45. Plaintiff alleges that she was terminated by Mr. Martin, who was her supervisor at Defendant Spacelabs. Plaintiff did not allege any facts from which it can reasonably be inferred that Defendant OSI had any involvement in her termination. Accordingly, Plaintiff failed to plead any facts to establish this factor.

The only fact Plaintiff alleges regarding "common management" is that Defendants share common officers and directors. Plaintiff did not allege the identity of those officers and directors. This factor turns on whether those officers and directors "translate[] into common management of the day-to-day activities of each entity." *Gray*, 580 F.Supp.3d at 1121-22. Plaintiff did not allege any facts to establish that the alleged common officers and directors had control over the day to day activities of each entity. Accordingly, Plaintiff's conclusory allegation is not enough to establish this factor.

As to the "common ownership or financial control" factor, Plaintiff alleges that Defendant Spacelabs is a wholly owned subsidiary of Defendant OSI, but fails to allege any facts to show financial control.

After considering all four factors, it is clear Plaintiff has failed to allege facts sufficient to plead that Defendants OSI and Spacelabs are an integrated enterprise or otherwise to establish any basis to find that Defendant OSI was Plaintiff's employer. Plaintiff herself alleges that all of the employment actions were taken by employees of Defendant Spacelabs, and that Defendant Spacelabs is the entity that terminated her employment. Accordingly, Plaintiff has failed to state a claim against Defendant OSI under Title VII, the ADEA or the FCRA because she did not plead facts to show that Defendant OSI was her employer. Therefore, Plaintiff's claims against Defendant OSI should be dismissed with prejudice.

**RULE 3.02 CERTIFICATE OF CONFERRAL**

The undersigned represents that she spoke to Plaintiff's counsel regarding the relief requested in this Motion and Plaintiff objects to the relief sought.

**CONCLUSION**

Based on the reasons set forth above, Defendant OSI respectfully requests that the Court dismiss the Complaint as to Defendant OSI with prejudice.

/s/Angelique Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 2650

Tampa, Florida 33602
(813) 223-7166 / Fax: (813) 223-2515
tampa@constangy.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve an electronic copy on the following:

Jason B. Woodside, Esq.
Woodside Law, P.A.
100 South Ashley Dr., Ste. 600
Tampa, FL 33602
jason@woodsidelawpa.com
Attorney for Plaintiff

/s/Angelique Lyons
Attorney for Defendant