**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**COLLEEN GREINER,**

**Plaintiff,**

**v.** **Case No 5:26-cv-00611-JSM-PRL**

**SPACELABS HEALTHCARE, LLC**
**and OSI SYSTEMS, INC.,**

**Defendant.**
________________________________/

**RESPONSE IN OPPOSITION TO OSI SYSTEMS, INC.'S**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Colleen Greiner ("Plaintiff"), by and through undersigned counsel, hereby responds in opposition to OSI Systems, Inc.'s ("Defendant OSI") Motion to Dismiss First Amended Complaint, pursuant to Local Rule 3.01(d), stating:

**SUMMARY OF ARGUMENT**

Plaintiff filed her First Amended Complaint ("FAC") [Dkt. 15] against Spacelabs Healthcare, LLC ("Defendant Spacelabs") and Defendant OSI based on violations of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendant OSI's Motion should be

denied in its entirety because this response will prove that Plaintiff has adequately pled all of her claims.

## I. Legal Standard

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance beyond a reasonable doubt. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* When there are well-pled factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal* at 1950.

The ordinary rules for assessing the sufficiency of a complaint apply. *See*, *e.g., Scheuer* v. *Rhodes,* 416 U. S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"). *Id*; *See also, Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.)

When determining whether an entity is an "employer" under Title VII, the Eleventh Circuit has given a liberal construction to the term "employer" and instructed courts to look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise. *Lyes v. City of Riviera Beach, Florida*, 166 F. 3d 1332, 1341 (11th Cir. 1994) *citing Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1359 (11th Cir. 1994); *McKenzie v. Davenport-Harris Funeral Home,* 834 F.2d 930, 933

(11th Cir. 1987); *Williams v. City of Montgomery,* 742 F.2d 586, 588 (11th Cir. 1984).

The Eleventh Circuit has identified three situations in which more than one entity may be considered an employer: (1) the single employer or "integrated enterprise" test; (2) the joint employer test; and (3) the agency test. *Peppers v. Cobb Cnty., Georgia*, 835 F.3d 1289, 1298 (11th Cir. 2016). Where two ostensibly separate entities are "`highly integrated with respect to ownership and operations,'" a court may count them together under Title VII. *McKenzie v. Davenport-Harris Funeral Home*, 834 F. 2d 930, 933 (11th Cir. 1987) (quoting *Fike v. Gold Kist, Inc.,* 514 F. Supp. 722, 726 (N.D. Ala. 1981), *aff'd,* 664 F. 2d 295 (11th Cir. 1981). This is the "single employer" or "integrated enterprise" test.

In determining whether two entities should be consolidated and counted as a single employer or integrated enterprise, the Eleventh Circuit, in *Lyes*, has applied the standard promulgated in NLRA cases by the National Labor Relations Board. *See, e.g., McKenzie,* 834 F. 2d at 933. This test sets out four criteria for determining whether nominally separate entities should be treated as an integrated enterprise. Under the so-called "NLRB test," the Eleventh Circuit looks for "(1) interrelation of operations, (2) centralized control of labor relations, (3) common

management, and (4) common ownership or financial control." *Id.*[1] No single factor is controlling, and not every factor must be present to find an integrated enterprise. *Lyes*, 166 F. 3d at 1341 n.5.

## II. Plaintiff Adequately Pleads All Claims Against Defendant OSI

1. Interrelation of Operations

"`Courts have found that entities' operations are interrelated, where the evidence shows that there are shared management services, such as check writing and contract negotiations, shared payroll and insurance programs, the preparation of mutual policy manuals, and the use of employees on the payroll of one entity for the performance of work benefitting another nominally separate entity.'" *U.S. Equal Emp't Opportunity Comm'n v. Princess Martha, LLC,* 705 F. Supp. 3d 1353, 1366 (M.D. Fla. 2023) *quoting Landon v. Agatha Harden, Inc.*, 6 F. Supp. 2d 1333, 1339 (M.D. Ala. 1998) (citations omitted); *see Player v. Nations Biologics, Inc.*, 993 F. Supp. 878, 880 (M.D. Ala. 1997) (finding interrelated operations where parent company paid bills, invoiced the inventory, handled the payroll, and negotiated contracts); *Siotkas v. Top Jet, LLC*, No. 19-61051-CIV, 2020 WL 13613779, *1-2 (S.D. Fla. Nov. 7, 2020) (same, where one entity served management and human resources' needs of another, entities shared an office, employees making

---

[1] The NLRB test has also been applied in cases involving ADEA claims. *See Riley v. County of Pike, et al.*, 761 F. Supp. 74, 76-77 (Ill. CD 1991).

employment decisions for both entities were the same, and general counsel for both entities terminated plaintiffs at the direction of common senior officers).

Here, Plaintiff has alleged in her FAC that during her employment with the and at the time of her termination Ajay Mehera ("Mr. Mehera") served as President and Chief Executive Office of Defendant OSI and also served as the Chief Executive Office of Defendant Spacelabs; that Wilson Constantine ("Mr. Constantine") served as President of Defendant Spacelabs and reported directly to Mr. Mehera; that Alan Edrick ("Mr. Edrick") served as Executive Vice President and Chief Financial Officer of Defendant OSI and also served as the Chief Financial Officer of Defendant Spacelabs; that Victor Sza ("Mr. Sza") served as Executive Vice President and General Counsel of Defendant OSI and served as Secretary and General Counsel of Defendant Spacelabs; and that Glenn Grindstaff ("Mr. Grindstaff") served as Chief Human Resources Officer of Defendant OSI and oversaw the human resources department for Defendant Spacelabs. (Dkt. 15, ¶ 9-13).

Further, Plaintiff alleges that these individuals, while all serving in the same capacity for both Defendants, and Mr. Constatine reporting directly to Mr. Mehera, approved Defendant Spacelabs' deals, capital equipment purchases, infrastructure decisions, hiring, firing, compensation, promotions and maintained control over all major financial, operational, and strategic decisions of Defendant Spacelabs.

Defendant OSI, through Mr. Grindstaff, also controlled the human resources department for Defendant Spacelabs. Additionally, Mr. Mehra, Mr. Sze, Mr. Edrick, and Mr. Grindstaff all worked from Defendant OSI's headquarters in Hawthorne, CA while exhibiting the aforementioned control over Defendant Spacelabs. Defendant OSI's payroll processors also processed payroll for Defendant Spacelabs. (Dkt. 15, ¶ ¶ 15-17; 19-20).

Plaintiff does not merely allege a linking of the two defendants by virtue of a parent-subsidiary reporting structure. Instead, the Plaintiff specifically pleads that the senior management of Defendant OSI (Mr. Mehera, Mr. Edrick, and Mr. Sza) held the same positions with Defendant Spacelabs (CEO, CFO and General Counsel). By holding the same positions in both companies these individuals maintained control over all major financial, operational, and strategic decisions of Defendant Spacelabs and approved Defendant Spacelabs' deals, capital equipment purchases, infrastructure decisions, hiring, firing, compensation, and promotions. Further, Mr. Grindstaff served as Chief Human Resources Officer of Defendant OSI and oversaw the human resources department for Defendant Spacelabs.

2. Centralized Control of Labor Relations

"Some courts have noted that this factor is `the most critical' of the four NLRB factors." *U.S. Equal Emp't Opportunity Comm'n v. Princess Martha, LLC,* 705 F. Supp. 3d 1353, 1366 (M.D. Fla. 2023) *citing Fike v. Gold Kist, Inc.*, 514 F. Supp.

722, 727 (N.D.Ala.1981) *aff'd*, 664 F.2d 295 (11th Cir.1981). Centralized control of labor relations calls for “actual and active control of day-to-day labor practices,” particularly in the area of personnel. *Id.* In *Player*, the parent company's design of a universal personnel handbook for the use of its related entities was enough to demonstrate this factor. 993 F. Supp. at 883; *see also Siotkas*, 2020 WL 13613779 at *2 (same, where entities used centralized human resources functions and personnel).

Here, the Plaintiff has plead just that Mr. Mehera, Mr. Constantine, Mr. Edrick, Mr. Sza, and Mr. Grindstaff approved Defendant Spacelabs' hiring, firing, compensation, and promotions. Further, Kerry Stevenson, human resources manager for Defendant Spacelabs, reported directly to Mr. Grindstaff, who controlled the human resources department for Defendant Spacelabs. The centralized control of Mr. Mehera, Mr. Constantine, Mr. Edrick, Mr. Sza, and Mr. Grindstaff over the labor relations of Defendant Spacelabs satisfies the centralized control of labor relations factor of the NLRB test.

3. Common Management

“Cases treating two separate corporate entities as a single employer have placed heavy emphasis on the existence of common directors and officers.” *Fike v. Gold Kist, Inc.,* 514 F. Supp. 722, 727 (N.D. Ala.), *aff'd,* 664 F.2d 295 (11th Cir. 1981)(citing *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181 (8th Cir. 1974)).

This factor of the NLRB test is easily met. Plaintiff has plead that the officers of Defendant OSI (Mr. Mehera, Mr. Edrick, and Mr. Sza) hold the same officer positions with Defendant Spacelabs (CEO, CFO and General Counsel). "Common management by one individual or group over nominally distinct entities—such as common directors and officers—satisfies the remaining NLRB factor." *U.S. Equal Emp't Opportunity Comm'n v. Princess Martha, LLC,* 705 F. Supp. 3d 1353, 1367 (M.D. Fla. 2023) *See Landon v. Agatha Harden, Inc.*, 6 F.Supp.2d 1333, 1340-41 (M.D. Ala. 1998) (conflicting evidence regarding whether common owners also managed the separate entities on a daily basis created a question of fact for summary judgment purposes).

4. Common Ownership or Financial Control

Plaintiff pleads and it is undisputed that Defendant Spacelabs was a wholly owned subsidiary of Defendant OSI. (Dkt. 15, ¶ 21; Dkt. 18). Further, as previously discussed, Plaintiff has plead that the officers of Defendant OSI (Mr. Mehera, Mr. Edrick, and Mr. Sza) hold the same officer positions with Defendant Spacelabs (CEO, CFO and General Counsel). The common ownership factor is met "[w]hen an individual controls all companies and serves as an officer/director to each company[.]" *U.S. Equal Emp't Opportunity Comm'n v. Princess Martha, LLC,* 705 F. Supp. 3d 1353, 1367 (M.D. Fla. 2023) quoting *Stockett v. Tolin*, 791 F. Supp. 1536, 1551 (S.D. Fla. 1992).

## CONCLUSION

The foregoing well plead allegations, when accepted as true and taken in the light most favorable to the Plaintiff, easily satisfy the four factors of the NLRB test for an integrated enterprise. Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety and grant such other relief as it deems just and proper.

Respectfully submitted this 25th day of November 2026 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*

## CERTIFICTE OF SERVICE

I HEREBY CERTIFY that on November 25th, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845

Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*